*Watson v. Menard*, No. 642-11-17 Wncv (Teachout, J., July 2, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 642-11-17 Wncv** |

**JASON WATSON**
    **Petitioner**

    **v.**

**LISA MENARD &**
**SHANNON MARCOUX**
    **Respondents**

### Cross-Motions for Summary Judgment

Jason Watson, an inmate in the custody of the Commissioner of the Department of Corrections, seeks Rule 75 review of a disciplinary conviction for the "introduction of any item that constitutes a danger to the order of the facility."  The items were 12 strips of buprenorphine intended to be brought into the facility by a visitor as arranged by Mr. Watson.  After the disciplinary hearing, the hearing officer found him guilty.  In Mr. Watson's motion for summary judgment, he argues that the conviction should be expunged because the DOC should have charged him with possession of unprescribed drugs (Major A19) rather than the attempted introduction of a dangerous item (Major A07).  The State argues in its cross-motion for summary judgment that (1) the conduct fits either violation and no rule required it to be charged under the more specific one; (2) Mr. Watson neither exhausted his administrative remedies nor preserved the issue he is raising now; and (3) he could not be entitled to a remedy of expungement under any circumstances.

The attempted smuggling of unprescribed narcotics into a DOC facility reasonably presents "a danger to the order of the facility."  The presence of contraband in the form of unauthorized drugs is highly likely to interfere with the orderly administration of a prison population. Even if DOC *could* have charged him with a different disciplinary violation, no rule required it to do so. On that basis, the State is entitled to summary judgment, and Mr. Watson's motion must be denied.  It is unnecessary to address the other issues raised by the State.

    Accordingly,
1. The Petitioner's Motion for Summary Judgment is *denied,* and
2. The Respondent's Motion for Summary Judgment is *granted.*

    Dated at Montpelier, Vermont this \_\_\_\_ day of June 2018.

                                 _____

                                 Mary Miles Teachout
                                 Superior Judge